IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE DUNN,

    **Plaintiff,**

v.                                                                                   **Civil Action No. 5:12cv55**
                                                                                                           **(Judge Stamp)**

**TIMOTHY STEWART, Warden, and**
**FEDERAL BUREAU OF PRISONS,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## ON MOTION FOR INJUNCTIVE RELIEF

On April 13, 2012, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff was granted permission to proceed as a pauper on April 16, 2012 and paid his initial partial filing fee on April 23, 2012.

Currently pending is the plaintiff's Motion for Injunctive Relief, seeking an Order directing the Bureau of Prisons ("BOP") to refrain from transferring him to another institution in retaliation for his filing his civil action. Prison officials are to be given deference regarding the execution of prison policies and practices, Bell v. Wolfish, 441 U.S. 520 (1979). Moreover, "federal courts sit not to supervise prisons but to enforce the constitutional rights of all 'persons,' including prisoners." Cruz v. Beto, 405 U.S. 319, 321 (1972). Consequently, the undersigned finds that the BOP is allowed to determine where the plaintiff should be incarcerated and recommends that the Court not interfere with such decision, merely because plaintiff would prefer to remain at the institution in which he is presently incarcerated.

Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief requesting that the BOP refrain from transferring him to another institution (Dkt.# 21) should be DENIED.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by May 29, 2012**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is also directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 15, 2012

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE