IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE DUNN,

    Plaintiff,

v.                                               Civil Action No. 5:12CV55
                                                                 (STAMP)

TIMOTHY STEWART, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER DENYING MOTION FOR RECONSIDERATION
AND AFFIRMING ORDERS OF MAGISTRATE JUDGE
DENYING MOTION FOR LEAVE TO AMEND AND
DENYING MOTION FOR RECONSIDERATION**

I.  Background

On April 13, 2012, the pro se[1] plaintiff, a federal prisoner incarcerated at FCI Morgantown, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint asserts that the plaintiff was physically assaulted by another inmate at FCI Morgantown, resulting in damage to his teeth which was insufficiently handled by the defendant. Presently before this Court is the plaintiff's objections to the denial by United States Magistrate Judge James E. Seibert[2] of the plaintiff's motion for

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] This case has been referred to Magistrate Judge Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

reconsideration of the magistrate judge's denial of the plaintiff's motion requesting leave to file an amended complaint wherein he sought to add Jason Wilson, D.D.S. as a party defendant.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court reviews the magistrate judge's determinations regarding nondispositive pretrial matters, including motions for leave to amend a complaint, for clear error.  Orders of the magistrate judge regarding these matters will only be overturned if "clearly erroneous or contrary to law."  Id.

## III.  Discussion

After review of the magistrate judge's orders and of the record in this civil action, this Court finds that Magistrate Judge Seibert did not commit clear error in his denial of the plaintiff's motion for reconsideration, nor did he commit error in his initial denial of the plaintiff's motion requesting leave to amend his complaint.  In reaching his decision to deny the plaintiff's motion to amend, the magistrate judge noted that he recognized that the law required him to both grant leave to amend "freely . . . when justice so requires," Fed. R. Civ. P. 15(a), and to construe the plaintiff's petition liberally, no matter how unskillfully pleaded, as a result of the plaintiff's status as a pro se litigant.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

With these concepts in mind, Magistrate Judge Seibert found that the plaintiff had been aware of the actual name of Jason Wilson, D.D.S. even before he filed this civil action—over five and a half months prior to requesting leave to amend.[3]  Undue delay in seeking leave to amend has long been an accepted reason to deny such leave.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The magistrate judge found the delay in the plaintiff's request to amend his complaint to be undue based upon the uncontested record evidence of delay, and this Court cannot find anything to suggest that this determination was clear error.  Accordingly, this Court affirms the magistrate judge's decision to deny the plaintiff's motion for leave to amend his complaint to add Dr. Wilson as a party defendant to this action.

In the plaintiff's motion for reconsideration, the plaintiff claims that, while he was aware of Dr. Wilson's name prior to the filing of this lawsuit, he did not appreciate the need to join him in this matter, as he believed that the joinder of the Federal Bureau of Prisons ("BOP") and of FCI Morgantown would be sufficient.  He asserts that he held this belief until recently, when he realized that entities, including both the BOP and FCI Morgantown, were not vulnerable to liability under Bivens.  The

---

[3]Dr. Wilson was the plaintiff's treating dentist for the medical treatments relevant to this civil action.  Further, Magistrate Judge Seibert noted that the plaintiff referred to Dr. Wilson in his complaint filed with this Court on April 13, 2012.

3

magistrate judge correctly asserted that, in the United States Court of Appeals for the Fourth Circuit, motions for reconsideration are extraordinary remedies. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The magistrate judge further noted that, a movant requesting reconsideration must present evidence that the court made an error in its earlier decision, and that the movant bears the burden of giving the court "reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004); and see Retractable Techs., Inc. v. Int'l Healthcare Workers Safety Ctr., No. 3:11mc29, 2011 WL 35555848 *2 (W.D. Va. Aug. 11, 2011). The magistrate judge then concluded that the plaintiff had not presented evidence or argument sufficient to meet these standards. As such, Magistrate Judge Seibert determined that the exceptional remedy of reconsideration was not appropriate.

In the plaintiff's objections to the magistrate judge's denial of his motion for reconsideration, the plaintiff argues that Magistrate Judge Seibert failed to address his explanation for the delay and also failed to address his assertion that the amendment sought would not prejudice the defendant. This Court disagrees. While the magistrate judge's order does not directly discuss the plaintiff's arguments in support of his motion for reconsideration, he addresses the motion for reconsideration and the arguments therein generally, and concludes that nothing had been presented to

change his mind regarding the plaintiff's motion to amend. As such, the magistrate judge's denial of the plaintiff's motion for reconsideration was not clearly erroneous, and this Court thus affirms the magistrate judge in this regard as well.

## IV. Conclusion

In accordance with the foregoing, the magistrate judge's denial of the plaintiff's motion for leave to amend his complaint is AFFIRMED. The magistrate judge's denial of the plaintiff's motion for reconsideration is also AFFIRMED. The plaintiff's objections to the magistrate judge's denial of his motion for reconsideration are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     November 14, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE