IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE DUNN,

      Plaintiff,

v.                                  Civil Action No. 5:12cv55
                                      (Judge Stamp)

TIMOTHY STEWART, Warden, and
FEDERAL BUREAU OF PRISONS,

      Defendants.

## REPORT AND RECOMMENDATION
## ON MOTION FOR INJUNCTIVE RELIEF

On April 13, 2012, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff was granted permission to proceed as a pauper on April 16, 2012 and paid his initial partial filing fee on April 23, 2012.

On May 11, 2012, the plaintiff filed a Motion for Injunctive Relief, seeking an Order directing the Bureau of Prisons ("BOP") to refrain from instituting retaliatory disciplinary actions against him or from transferring him to another institution in retaliation for his filing his civil action.

On May 15, 2012, the undersigned entered a Report and Recommendation ("R&R"), recommending denial of the plaintiff's motion for injunctive relief, finding that pursuant to the holdings in Bell v. Wolfish, 441 U.S. 520 (1979) and Cruz v. Beto, 405 U.S. 319, 321 (1972), the BOP was entitled to determine where plaintiff should be incarcerated, and recommending that the Court not interfere with the BOP's decision thereto. Plaintiff filed timely objections, styled as a Motion for Reconsideration, asserting that the R&R failed to address his other retaliation claim, a request for an injunction directing the BOP to refrain from any other retaliation against him, in the form of "targeted discipline."

1

On November 14, 2012, by Memorandum Opinion and Order Affirming and Adopting in Part and Declining to Adopt in Part Report and Recommendation and Remanding Motion for Injunctive Relief to Magistrate Judge for Further Consideration, the District Judge affirmed the portion of the R&R recommending denial of injunctive relief as to the plaintiff's request that the BOP be directed to refrain from transferring him to another prison in retaliation for filing suit, but declining to adopt the R&R to the extent it recommended that the plaintiff's entire motion be denied. The District Judge granted the plaintiff's motion for reconsideration and remanded the motion for injunctive relief back to the undersigned to address plaintiff's remaining claim for injunctive relief.

The remaining claim in plaintiff's motion seeks an Order from the Court, enjoining the BOP from disciplining inmates who elect to file <u>Bivens</u> actions by instituting unwarranted disciplinary actions against them to "convince the inmate to voluntarily dismiss the case." (Dkt.# 21 at 1).

Prisoners have a constitutional right to seek access to the courts to remedy their grievances. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977). Prisoners do not lose all rights once they enter prison, and they retain such First Amendment rights of freedom of speech and to petition for redress of grievances and due process rights of access to the courts as are not inconsistent with institutional security. <u>See</u> <u>Procunier v. Martinez</u>, 416 U.S. 396, 413-14 (1974). Prison officials may not retaliate against prisoners for their exercise of constitutionally protected rights. <u>Buise v. Hudkins</u>, 584 F.2d 223, 229 (7th Cir. 1978), cert. denied, 440 U.S. 916 (1979). <u>See also</u> <u>Woods v. Edwards</u>, 51 F.3d 577, 580 (5th Cir. 1995).

When faced with a request a request for injunctive relief, the court must consider "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest." <u>Ciena Corp. v. Jarrard</u>, 203 F.3d 312, 322 (4th Cir. 2000), citing <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189, 193-

96 (4th Cir. 1977). The "balance of hardships test" sets the standard for interlocutory injunctive relief; although all four factors cited *supra* should be considered, the two most important factors are those of probable irreparable injury to the plaintiff without the injunction, and of likely harm to the defendant with the injunction. If the balance tips in favor the plaintiff, it is enough that grave or serious questions are presented, and the plaintiff need not show a likelihood of success. The public interest should also always be considered. Blackwelder, *supra* at 196.

Here, the plaintiff alleges generally that the BOP officials at FCI Morgantown "commonly" retaliate against inmates who filed civil rights actions, by unfairly targeting them for discipline, even when they have committed no wrongdoing, to discourage them from pursuing their cases. Notably absent from his motion is any allegation that a BOP official has ever done this to him, either before he filed his case or at any time during its seven and one half months pendency.

Claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). More important, speculative injury does not constitute irreparable harm. See Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). The plaintiff has not produced, let alone even alleged, any evidence to show that is likely to suffer irreparable harm, should he not be granted the requested injunction. Conversely, the defendant is likely to be harmed by a court decree that interferes with the orderly running of its institutions. Prison officials are to be given deference regarding the execution of prison policies and practices. Bell v. Wolfish, 441 U.S. 520 (1979). Further, "federal courts sit not to supervise prisons but to enforce the constitutional rights of all 'persons,' including prisoners." Cruz v. Beto, 405 U.S. 319, 321 (1972). Consequently, the BOP is allowed to determine whether a prisoner should be disciplined and the Court will not interfere with such

3

decision, merely because plaintiff believes that the discipline meted out to other prisoners is retaliatory.[1]

Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief requesting that the BOP refrain from retaliating against him (Dkt.# 21) should be DENIED.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by December 17, 2012**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is also directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 3, 2012

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE

---

[1] Not every allegedly adverse action is sufficient to support a claim for retaliation. See, e.g. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000)(retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore, because of this.").