IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE DUNN,

            Plaintiff,            Civil Action No. 5:12cv55
                                                      (Judge Stamp)

TIMOTHY STEWART, Warden,
FCI Morgantown, and FCI
MORGANTOWN, a Federal Correctional
Institution,

            Defendants.

## REPORT AND RECOMMENDATION

On April 13, 2012, the *pro se* plaintiff initiated this case by filing a Bivens[1] civil rights complaint against the defendant, the Bureau of Prisons ("BOP"), and FCI Morgantown.[2] Along with his complaint, the plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), a copy of his Prisoner Trust Fund Account Statement, and a Consent to Collection of Fees from Trust Account. On April 13, 2012, the Clerk issued a deficiency notice, directing plaintiff to file his complaint on a Court-approved form within 28 days. By Order entered April 16, 2012, plaintiff was granted IFP status and directed to pay an initial partial filing fee ("IPFF"). Plaintiff filed his court-approved form complaint on April 20, 2012, and paid his IPFF on April 23, 2012. On April 24, 2012, upon a preliminary review of the file, the undersigned determined that summary dismissal was not warranted, and that the BOP, not being a person for purposes of a Bivens

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] This case was originally docketed by the Clerk in error, with only the BOP and "Timothy Stewart, Warden, FCI Morgantown," as defendants. Upon further review, it is apparent that the plaintiff intended to name "FCI Morgantown" as a defendant in its own right. That error has been corrected in the docket.

action, was not an appropriate defendant. Accordingly, the remaining defendant,[3] Warden Timothy Stewart was directed to answer the complaint.

On May 11, 2012, the plaintiff filed a Motion for Injunctive Relief, seeking to enjoin the defendant from retaliating against him for filing suit. By Order entered on May 14, 2012, the motion was denied. The May 14, 2012 Order was vacated on May 15, 2012. A Report and Recommendation ("R&R") was entered instead, recommending that the motion for injunctive relief be denied. On May 22, 2012, plaintiff filed a motion for reconsideration of the vacated Order, which was denied as moot by Order entered May 23, 2012. Plaintiff filed timely objections to the Order denying the motion for reconsideration.

On August 21, 2012, after being granted several extensions of time, the defendant filed a Motion to Dismiss or for Summary Judgment. Because the plaintiff was proceeding *pro se,* he was sent a Roseboro Notice on August 27, 2012 advising him of his right to file a response and granting him an extension of time in which to do so. The plaintiff filed his response on September 28, 2012, along with a Motion to File Amended Complaint, seeking to add another party to the action. By Order entered October 1, 2012, plaintiff's motion to amend was denied by the undersigned. Plaintiff filed a motion for reconsideration on October 11, 2012, which was denied by Order entered October 31, 2012. Plaintiff filed timely objections, and on November 14, 2012, the District Judge entered a Memorandum Opinion and Order Overruling Objections to Magistrate Judge's Order Denying Motion for Reconsideration and Affirming Orders of Magistrate Judge Denying Motion for Leave to Amend and Denying Motion for Reconsideration.[4]

---

[3] The error regarding naming FCI Morgantown as a defendant in its own right had not yet been discovered.

[4] On November 26, 2012, plaintiff filed a Notice of Appeal to the 4th Circuit Court of Appeals of the Memorandum Opinion and Order Overruling Objections to Magistrate Judge's Order Denying Motion for Reconsideration and

That same day, the District Judge also entered a Memorandum Opinion and Order Affirming and Adopting in Part and Declining to Adopt in Part Report and Recommendation and Remanding Motion for Injunctive Relief to Magistrate Judge for Further Consideration. A second R&R was entered by the undersigned, addressing a remaining issue in the motion for injunctive relief on December 3, 2012, recommending that it be denied as well. Plaintiff filed timely objections to the R&R.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 1 and 2, and 28 U.S.C. §1915.

## I. Factual and Procedural History

### A. The Complaint

In the complaint, the plaintiff asserts the defendants violated his 5th and 14th Amendment rights, by their deliberate indifference to his serious dental needs in violation of the Eighth Amendment. Plaintiff begins by stating that he was assaulted by another inmate[5] at FCI Morgantown in August 2009.[6] He contends that "in or about November, 2011," he noticed that two of his dental crowns were chipped "as a direct result of the assault," asserting that the damage occurred when the other inmate struck him in the back of the head and his "crown cantilevers fell out and the crowns were deteriorated."

Plaintiff contends he has fully exhausted his administrative remedies, having filed a series of unsuccessful administrative remedies in an effort to be seen by an outside dentist get his crowns repaired.

---

Affirming Orders of Magistrate Judge Denying Motion for Leave to Amend and Denying Motion for Reconsideration.

[5] Plaintiff states that the assaulting inmate was cited and disciplined for the attack, and that he himself was absolved of any misconduct. (Dkt.# 10 at 10).

[6] Elsewhere, plaintiff asserts that the assault took place "in or about 2008." See BP-9 Request for Administrative Remedy, Dkt.# 1-3 at 3.

As relief, he requests the "entry of a Judgment Order for Preliminary Injunctive Relief," directing the defendants to send him to an outside dentist to evaluate and recommend a suitable dental strategy to effectuate the repair of his crowns. Further, he requests compensatory damages of $50,000.00 and punitive damages in the amount of $5,000,000.00.

**B.  Defendant Warden Timothy Stewart's Motion to Dismiss or for Summary Judgment**

In his motion to dismiss, defendant Stewart ("Stewart") asserts that the complaint should be dismissed for the following reasons:

1) the plaintiff failed to exhaust administrative remedies;

2) Stewart had no personal involvement in either plaintiff's dental treatment or his administrative remedy history; and

3) Bivens liability may not be premised on a theory of *respondeat superior*.

**E.  The Plaintiff's Response**

In response, the plaintiff reiterates his arguments and attempts to refute the defendant's on the same. He insists that that he fully exhausted his administrative remedies and that the "discovery rule" should excuse his not filing the initial request for administrative remedy until November, 2011, because he was unaware of his dental problems until then. As an alternative argument, he contends that the twenty-day time limit for filing a grievance over the dental issue should be deemed to commence on the day that he knew, or should have known that he had dental problems related to the 2008 assault.

## II.  Standard of Review

**A.  Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992)

(citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); See also Martin at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly at 554-55. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

B.  **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary

judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

#### A. FCI Morgantown

Neither a particular federal correctional facility nor the Federal Bureau of Prisons itself is a "person" for purposes of a Bivens action. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001)(a federal prisoner alleging a constitutional deprivation may not bring a Bivens claim against the United States or the BOP; his only remedy lies against the individual); see also Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983).

Accordingly, FCI Morgantown is not a proper party to this suit and should be dismissed.

#### B. Warden Timothy Stewart

Plaintiff's sole claim in his complaint against Warden Stewart was that Stewart denied his BP-9 as untimely. In his response to defendant Stewart's motion to dismiss or for summary judgment, he expands on this, arguing that Stewart's "election to simply accept his staff's BP-8 ½ response statement" that there was no structural damage to his teeth violated his due process and equal protection rights. He asserts that Warden Stewart's "signatory authority is insufficient,

7

as a matter of law, to confer liability for administrative remedy responses that prove to be utterly false." (Dkt.# 49 at 11).

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

However, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id.

Nonetheless, a plaintiff cannot establish supervisory liability merely by showing that the subordinate was deliberately indifferent to his needs. Id. Instead, Plaintiff must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the

offensive practice. Id. Moreover, in reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

In this case, the plaintiff does not allege any personal involvement on the part of defendant Stewart. Instead, it appears that the plaintiff has named Stewart merely in his official capacity as the Warden at FCI-Morgantown. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, because remedy under Bivens is against federal officials in their individual capacities, and not the federal government, the plaintiff cannot maintain a claim against Warden Stewart in his official capacity.

Additionally, the plaintiff has failed to show that defendant Stewart tacitly authorized or was indifferent to the alleged violation of his constitutional rights. Thus, the plaintiff has failed to make the appropriate showing of supervisory liability. Accordingly, the plaintiff has failed to state a claim against Warden Stewart, and Warden Stewart should be dismissed as a defendant in this action.[7]

Accordingly, the plaintiff has failed to allege any facts in support of a claim against Warden Stewart of deliberate indifference to his dental needs, or to support a claim that Stewart was personally involved in any alleged violation of his constitutional rights. Accordingly, the plaintiff has failed to state a claim for relief and his claims against Warden Stewart should be dismissed.

---

[7] To the extent the plaintiff is asserting that Defendant Stewart may have been deliberately indifferent to his serious dental needs by denying the plaintiff's institutional grievances, that claim is without merit. This is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

**C. Statute of Limitations and Failure to Exhaust**

The plaintiff appears to concede, and the dates on the copies of the administrative remedies provided by both parties reflect that the date of the assault that allegedly damaged his teeth was August, 2008, not 2009, as originally stated in his complaint. Thus, it was well over three years before the plaintiff filed his initial grievance on November 9, 2011, contending dental crown damage related to the assault.

For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." Wilson v. Garcia, 471 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. Because Bivens is the federal equivalent to an action under § 1983, federal courts have consistently extended the state general personal injury statute of limitations to Bivens cases, as well as § 1983 claims. See, e.g. Chin v. Bowen, 833 F.2d 21, 23-24 (2nd Cir. 1987). In fact, the Fourth Circuit Court of Appeals has determined that West Virginia's two year personal injury statute of limitations contained at W.Va. Code § 55-2-12(b) is appropriately applied in Bivens actions. See Reinhold v. Evers, 187 F.3d 348, 359, n. 10 (4th Cir. 1999).

W.Va. Code § 55-2-12(b) provides

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

Plaintiff's claims against defendant Stewart are clearly well outside the two-year applicable statute of limitations. Although the plaintiff makes a claim of not "discovering" the

claim until well over three years after the injury, he fails to provide any factual support or time-dated data in which to support such a claim. Accordingly, the plaintiff's claims against defendant Stewart, even if they were not already not barred by defendant Stewart's immunity, are also time-barred.

Moreover, "[t]o exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim. . . . Thus, the inmate must actually and strictly comply with the requirements of the administrative processes." Nicholas v. Ozmint, 2006 WL 2711852, at *7 (D.S.C. Sept. 20, 2006) *quoting* Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[8] and is required even when the relief sought is not available. Booth at 741. A plaintiff must exhaust his administrative remedies prior to filing a complaint in federal court. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001); Jackson v. District of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001).

The BOP makes available to its inmates a three-level administrative remedy process, if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq.

---

[8] Id.

An inmate who is unable to resolve a complaint informally may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. 28 C.F.R. § 542.14(a). If unsatisfied with the Warden's response, an inmate may appeal, using the appropriate form, to the Regional Director at the Regional Office for the geographic region in which the inmate's institution of confinement is located, within 20 calendar days of the Warden's response. 28 C.F.R. § 542.15(a). If still unsatisfied, an inmate may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. Id. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R. § 542.15(a).

The Supreme Court has held that "proper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) *quoting* Pozo, *supra* at 1024. In Woodford, Ngo, a California state inmate, filed a grievance six months after the challenged event, rather than within the prescribed fifteen working days; it was properly rejected as time-barred because "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, *supra* at 90-91. The Woodford court reasoned that

> A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to

dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

Woodford, *supra* at 95.

Here, the plaintiff has failed to exhaust, not only because he did not successfully and properly complete each level,[9] but primarily because he failed to initiate the first administrative remedy until well over three years after the date of the challenged event in August, 2008. Thus, he has failed to fully and properly exhaust, and his claim is now time-barred.[10] Because he can now no longer exhaust his claim under the BOP's administrative remedy procedures,[11] plaintiff's claims should be dismissed with prejudice. See 28 C.F.R. § 542.10, *et seq.*

## IV. Recommendation

For the above-stated reasons, the undersigned recommends that the Court enter an Order **GRANTING** defendant's Motion to Dismiss or for Summary Judgment (Dkt.# 41) and **DENYING with prejudice** plaintiff's complaint (Dkt.# 10), dismissing the case from the docket. Further, the Clerk is directed to terminate the undersigned's association with Dkt.# 41.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by January 19, 2013**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District

---

[9] The plaintiff's failures to properly meet procedural requirements at the various levels of the administrative process are detailed in the defendant's memorandum in support of its motion. See Dkt.# 42 at 4 - 6, 10 – 12, and Dkt.#s 42-1 and 42-2.

[10] Here, plaintiff has suffered no detriment in having his earlier motion to amend the complaint to add the additional defendant, and his motion for reconsideration of the Order denying the same. Even if plaintiff had been permitted to amend the complaint to add the additional defendant, the amendment would have been futile, because all of plaintiff's claims are time-barred..

[11] The BOP's four-step administrative process, beginning with attempted informal resolution with prison staff (BP-8), then with a written complaint with the warden (BP-9)**,** mandates that it **must begin within 20 calendar days** of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.10, *et seq.* (emphasis added).

Judge.  **Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**.  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), *cert denied,* 467 U.S. 1208 (1984).  The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket.

    DATED:  December 27, 2012

                                                                              /s/ James E. Seibert  
                                                                              JAMES E. SEIBERT  
                                                                              UNITED STATES MAGISTRATE JUDGE