IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


GEORGE DUNN,

      Plaintiff,

v.                               Civil Action No. 5:12CV55
                                       (STAMP)

FEDERAL BUREAU OF PRISONS,
TIMOTHY STEWART, Warden
and FCI MORGANTOWN,
Federal Correctional Institution,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS**

I.  Background

On April 13, 2012, the pro se[1] plaintiff, a federal prisoner incarcerated at FCI Morgantown, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The complaint asserts that the plaintiff was physically assaulted by another inmate at FCI Morgantown, resulting in damage to his teeth which was insufficiently handled by officials at FCI Morgantown.  Pursuant to Local Rule of Prisoner Litigation 2, this matter was referred to Magistrate Judge James E. Seibert for preliminary review and report and recommendation.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

Upon preliminary review, Magistrate Judge Seibert determined that the Bureau of Prisons ("BOP") was not a proper <u>Bivens</u> defendant, as it is not a person for purposes of these types of claims, and thus dismissed the BOP.  Later, having determined that the plaintiff had intended to also join FCI Morgantown as an individual defendant, apart from defendant Timothy Stewart, Magistrate Judge Seibert also dismissed FCI Morgantown as an improper <u>Bivens</u> defendant.  The only defendant remaining, Warden Timothy Stewart ("Stewart"), was then directed to respond to the plaintiff's complaint.

On May 11, 2012, the plaintiff filed a motion for injunctive relief, which requested that the BOP be enjoined from disciplining him or from transferring him in retaliation for the filing of this civil action. The magistrate judge issued a report and recommendation recommending that this Court deny the motion to enjoin the BOP from transferring the plaintiff in retaliation for filing this lawsuit.  This Court adopted the magistrate judge's recommendation as to the request for injunction from transferring the plaintiff, but remanded the motion for injunctive relief to the magistrate judge for reconsideration of the plaintiff's request for injunction regarding general retaliatory disciplinary action. Magistrate Judge Seibert then entered a second report and recommendation, recommending that this Court also deny the

plaintiff's motion in this regard.   The plaintiff has filed objections to this report and recommendation.

The defendant then responded to the plaintiff's complaint in the form of a motion to dismiss or for summary judgment.   The plaintiff responded to this motion, and also moved for leave to amend his complaint in order to join a new defendant.   The plaintiff's motion to amend was denied by the magistrate judge, which denial was affirmed by this Court.   The magistrate judge then issued a report and recommendation urging this Court to grant the defendant's motion to dismiss and to dismiss the plaintiff's complaint in its entirety.

Magistrate Judge Seibert informed the parties that, if they objected to any portion of the report and recommendation, they must file objections thereto within fourteen (14) days of receiving the report and recommendation.   Neither party filed objections.   For the reasons that follow, this Court affirms both of the magistrate judge's pending report and recommendations and will deny the plaintiff's motion for injunctive relief, grant the defendant's motion to dismiss or for summary judgment, and dismiss this civil action.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made.   Because the

plaintiff filed objections to the report and recommendation recommending denial of the plaintiff's motion for injunctive relief, the magistrate judge's recommendation as to this motion will be reviewed de novo. However, because this Court has received no objections to the magistrate judge's recommendation that this civil action be dismissed, this Court will review that report and recommendation for clear error.

### III.  Discussion

A.  Motion for injunctive relief

In his report and recommendation recommending denial of the plaintiff's request for injunctive relief, the magistrate judge correctly notes that prison officials my not retaliate against a prisoner because that prisoner sought judicial protection of his constitutional rights.  Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir. 1978), cert. denied, 440 U.S. 916 (1979).  In The Real Truth About Obama, Inc., the United States Court of Appeals for the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a injunction should issue.  The four factors that the plaintiff must establish to obtain a preliminary injunction under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)).

The magistrate judge found that the plaintiff's request for an injunction directing the BOP to refrain from instituting disciplinary actions against him in retaliation for the filing of this civil action should be denied.  He reached this conclusion because he found that the plaintiff failed to present any facts to suggest that any BOP official ever retaliated against the plaintiff personally.  Rather, the magistrate judge asserts, the plaintiff seems to simply allege that BOP officials "commonly" retaliate against inmates who bring claims.  Accordingly, because speculative injury cannot constitute irreparable harm, the plaintiff failed to adequately show any likelihood of irreparable harm.  See Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

The magistrate judge also correctly found that the BOP was likely to be harmed by the issuance of an injunction in this case, as such an order would interfere with the daily execution of prison policies and practices.  Such an interference is not the place of federal courts, which do not stand in the position of overseeing the daily operations of prisons.  Cruz v. Beto, 405 U.S. 319, 321 (1972).  As such, the magistrate judge found that the balance of

the hardships did not tip in the plaintiff's favor, and recommended denial of the motion for injunctive relief.[2]

In his objections to the magistrate judge's report and recommendation, the plaintiff argues that he can present evidence that he was targeted for discipline, and thus can show a possibility of irreparable harm beyond that of a speculative future injury. The plaintiff then describes an alleged occurrence where he was brought into "the Lieutenant's office and was asked whether he had paid another inmate to assist" him in the preparation of legal work. ECF No. 69 *2. The plaintiff claims that when he answered in the negative, he was placed in the Special Housing Unit ("SHU"), and that officials subsequently "threw away several teeth that was [sic] the primary evidence in the instant case." Id. at *3.

Initially, this Court agrees with the magistrate judge that speculative injury cannot constitute irreparable harm. This Court also agrees that this Court's determination regarding the

---

[2]Although the magistrate judge reached his conclusions regarding the plaintiff's motion for injunctive relief based upon the now superseded test set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977), this Court nonetheless finds the magistrate judge's observations as to the plaintiff's failure to demonstrate "irreparable harm," as well as his concerns regarding the hardship that would be faced by the BOP following the issuance of an injunction in this case, to be instructive under both the Blackwelder and The Real Truth About Obama tests. This Court also finds, after review under the test articulated by the Fourth Circuit in The Real Truth About Obama, that an injunction is not appropriate.

plaintiff's motion for injunctive relief must take into account the certain harm that will result to the BOP if an injunction is granted in this case.  Further, it is noted that the discipline of inmates is within the discretion of BOP officials, and that it is not the position of this Court to interfere in the administration of prisons and the discipline of inmates.  Bell v. Wolfish, 441 U.S. 520 (1979).

This Court also finds that the plaintiff's objections to the magistrate judge's report do not offer objection to the findings of the magistrate judge based upon the information that was before him in the plaintiff's original motion for injunctive relief.  The plaintiff does not argue that he presented anything more than a speculative injury in his original motion, nor does he point to any evidence or allegation of discipline focused upon him that was before the magistrate judge when he considered the motion.  Rather, the plaintiff attempts to avoid the conclusions of the magistrate judge by providing this Court with what he believes to be a particularized instance of retaliation against him by BOP officials.   However, this Court finds that the plaintiff's recounting of this alleged incident also fails to show that irreparable harm will result from the denial of his motion for injunctive relief.

First, the plaintiff fails to present any supporting evidence of the incident of which he complains.  He provides this Court with

no names of alleged officials involved, and no documents evidencing the disciplinary actions taken against him.  The plaintiff refers to a "sworn statement" which he claims is attached to his objections, but following a thorough examination of the record, this Court can find no such statement.  Further, the plaintiff provides no allegations, let alone evidence, that the alleged incident presented was in any way connected with his filing of this case.  As noted by the magistrate judge, in the context of allegations made by prisoners, claims of retaliation are to be treated with skepticism.  Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).  Further, it is noted that prison officials are entitled to a great deal of deference with regard to the discipline of inmates.  Bell, 441 U.S. 520.  As such, even in considering the additional allegations made by the plaintiff in his objections, based upon a de novo review, this Court cannot find that the balance of the hardships tips in the plaintiff's favor in this case.  The plaintiff's motion for injunctive relief is thus denied.

B.   Motion to dismiss or for summary judgment

Magistrate Judge Seibert recommends that the defendant's motion to dismiss should be granted on multiple grounds. First, he found that the plaintiff's complaint is barred both because the plaintiff has failed to properly exhaust is administrative remedies, as required as a prerequisite to filing this civil action pursuant to 42 U.S.C. § 1997(e)(a), and because the claim is time

barred by the two-year statute of limitations period provided for personal injury actions by West Virginia Code § 55-2-12(b).  This Court does not find either of these conclusions reached by the magistrate judge to be clear error.

Clearly, as is admitted by the plaintiff, the date of the assault which allegedly damaged the plaintiff's teeth was August 2008.  The plaintiff's first grievance with regard to the handling of his injuries resulting from that assault was filed on November 9, 2011–over three years after the assault.  There is no argument by any party that the two-year statute of limitations in West Virginia Code § 55-2-12(b) does not apply in this case, and this Court agrees with the magistrate judge that it does.  Further, this Court agrees that the plaintiff has failed to support his claims that he did not discover his injuries until more than three years after the assault.  As such, the plaintiff's complaint is time-barred and must be dismissed.

As to the magistrate judge's findings with regard to the plaintiff's failure to properly exhaust his administrative remedies, this Court also finds no clear error.  The inmate administrative grievance process provided for by the BOP is fully and adequately outlined by the magistrate judge in his report and recommendation and will not be revisited here.  ECF No. 71 *11-*12. However, this Court will note that full and proper exhaustion is a mandatory prerequisite to the filing of a Bivens complaint.  Booth

v. Churner, 532 U.S. 731, 741 (2001); Porter v. Nussle, 534 U.S. 516, 524 (2002).   The magistrate judge found that the plaintiff failed to meet the procedural requirements at the various levels of the administrative process, and noted the record evidence of the same.   After review of the record, this Court agrees, and finds that the plaintiff's claims are barred both by the statute of limitations   and   by   his   failure   to   properly   exhaust   his administrative remedies.

Further, the magistrate judge also found that the plaintiff's claims against the defendant fail on the merits.   Likewise, this Court finds no clear error in these findings.   The only defendant remaining in this civil action is Timothy Stewart, Warden of FCI Morgantown, and the only claim that the plaintiff makes against Warden Stewart is that he improperly denied the plaintiff's BP-9[3] as untimely.   As liability in a Bivens action is personal, and no respondeat superior liability can exist in such a case, no administrators can be held liable for the actions of those officers working beneath them.   Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001); Rizzo v. Good, 423 U.S. 362 (1976).   In order to hold a supervisory defendant liable, he must either have personally acted in the constitutional violations alleged by the plaintiff, or

_____

[3]A BP-9 is the initial grievance form that must be filed within 20 calendar days of the date of the occurrence on which the complaint is based in order to initiate the inmate administrative grievance process.   28 C.F.R. § 542.14

he must have "tacitly authorized" or he himself must have been "indifferent to the prison physician's constitutional violations." Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

For the reasons fully stated and well explained by the magistrate judge, this Court finds that the plaintiff cannot show any of the above with regard to defendant Stewart's actions alleged in the complaint. Accordingly, no clear error can be found in the magistrate judge's conclusion that defendant Stewart should be dismissed.

## IV.  Conclusion

In accordance with the foregoing, this court AFFIRMS AND ADOPTS the pending report and recommendations of the magistrate judge (ECF Nos. 66 and 71).  Magistrate Judge Seibert's recommendation that this Court deny the plaintiff's motion for injunctive relief (ECF No. 66) is AFFIRMED after a de novo review, and the plaintiff's motion for injunctive relief (ECF No. 21) is thus DENIED.  The magistrate judge's report and recommendation recommending that this Court grant the defendant's motion to dismiss or for summary judgment (ECF No. 71) is AFFIRMED after review for clear error, and the defendant's motion to dismiss or for summary judgment (ECF No. 41) is thus GRANTED.  Accordingly, this civil action is DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to any report and recommendation in this action would result in a waiver of appellate rights as to the matters determined thereby. Because the plaintiff has failed to object to the magistrate judge's report and recommendation recommending dismissal of this civil action, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 30, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE